IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES G. ANDERSON,

                OPINION AND ORDER

        Plaintiff,

                19-cv-461-bbc

   v.

WISCONSIN DEPT. OF HEALTH
& HUMAN SERVICES AND
MICHAEL CHASE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se plaintiff Charles G. Anderson is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes. He has filed a civil action under 42 U.S.C. § 1983, challenging the revocation of his supervised release and his reconfinement at Sand Ridge Secure Treatment Center in Mauston, Wisconsin under the state's sexually violent persons law, Wis. Stat. ch. 980. Plaintiff contends that the revocation violated his due process rights and that the conditions of confinement at Sand Ridge are unconstitutional. Because plaintiff is proceeding without prepayment of the full filing fee, I must screen his complaint under 28 U.S.C. § 1915(e) to determine whether the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

    As explained in more detail below, plaintiff cannot challenge his revocation in a civil action under §1983. He can challenge the revocation only through a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after exhausting his state court remedies. Therefore,

1

I will dismiss plaintiff's claims challenging his revocation without prejudice. As for his allegations regarding the conditions at Sand Ridge, none suggest that the conditions are unconstitutionally harsh. Therefore, I will dismiss plaintiff's claims regarding his conditions of confinement for failure to state a claim upon which relief may be granted.

Plaintiff alleges the following facts in his complaint.

## ALLEGATIONS OF FACT

In 2005, plaintiff Charles Anderson was committed to the custody of the Wisconsin Department of Health Services under Wis. Stat. ch. 980. He was held at the Sand Ridge Secure Treatment Center until October 2017, when he was granted supervised release under Wis. Stat. § 980.08. On September 2018, plaintiff's supervised release status was revoked, based on his violation of conditions of his supervised release related to financial rules. Anderson was held in a county jail pending revocation proceedings, but was moved back to Sand Ridge after the state circuit court ordered revocation. Defendant Michael Chase was involved in the revocation process. (Chase's specific role is not clear from plaintiff's complaint.)

At Sand Ridge, patients can communicate with the outside world through letters, phone calls and visits. When patients send letters, the envelopes are stamped as being mailed from a "secure Wisconsin facility." When patients place phone calls, the person answering is notified that the call is from a secure Wisconsin facility. Sometimes the intended recipient of the call or the mailing refuses to open the mail or accept calls from

patients. Patients do not have access to email or other means of electronic communication or commerce. They also have limited opportunity for recreational activities and do not receive adequate practical training in how to navigate life after they are released.

OPINION

Plaintiff's allegations fall into two categories. First, he challenges the circumstances of the revocation of his supervised release. He contends that the revocation was unfair and that he was not given adequate opportunity to challenge it. But plaintiff's challenge to his revocation and re-confinement at Sand Ridge cannot be raised in a civil action under § 1983. Such a challenge is directed to the fact of plaintiff's confinement, so he must pursue it under a habeas corpus statute. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (challenge to revocation must be brought through habeas petition). A federal habeas petition would be premature at this point, however, because federal courts may not consider habeas petitions from an individual held in state custody unless the individual has exhausted his available state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b); Malone v. Walls, 538 F.3d 744, 753 (7th Cir. 2008). Wisconsin's publicly available online records show that plaintiff is still challenging his revocation on appeal in state court. State v. Anderson,

3

2019AP1167 (Wis. Ct. App. 2019). Therefore, I will dismiss plaintiff's claims regarding his revocation so that he may exhaust his remedies in state court. If his state court challenge is unsuccessful and plaintiff believes that the revocation violated his federal constitutional rights, he may bring a federal habeas petition raising his constitutional claims.

Second, plaintiff challenges certain conditions of confinement at Sand Ridge Secure Treatment Center, arguing that patients should have more ways to communicate with the outside world, more recreational opportunities, more freedom to move about the facility, better training for life outside the center and an assistant who can help patients make online purchases and serve as an advocate for patient rights. As a civilly committed patient, plaintiff may not be subjected to conditions of confinement that are punitive, inhumane, excessive in relation to any legitimate non-punitive purpose or otherwise objectively unreasonable. Hardeman v. Curran, 933 F.3d 816, 824 (7th Cir. 2019) (discussing standard for conditions of confinement claims brought by non-convicted detainees). But none of plaintiff's allegations suggests that the lack of these resources and amenities at Sand Ridge amounts to unreasonably harsh, punitive or otherwise objectively unreasonable conditions of confinement. Rather, plaintiff's allegations suggest that he is subject to ordinary conditions of confinement.

As the Supreme Court has explained, a civil detainee "simply does not possess the full range of freedoms of an unincarcerated individual" because "[t]he fact of confinement as well as the legitimate goals and policies" of the institution limit constitutional rights. Bell v. Wolfish, 441 U.S. 520, 545–46 (1979); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir.

4

2002) (persons confined as sexually violent "may be subjected to the ordinary conditions of confinement"); Seibert v. Alt, 31 Fed. App'x. 309, 311 (7th Cir. 2002) (unpublished) (institution may restrict rights of sexually violent person in order to maintain security and preserve internal order). The Court of Appeals for the Seventh Circuit has upheld restrictions on civilly committed patients similar to those alleged by plaintiff. See, e.g., Walker v. Hayden, 302 F. App'x 466, 467 (7th Cir. 2008) (holding that conditions restricting patients' ability to leave facility and receive visitors, monitoring telephone calls, inspecting property and mail, requiring institutional clothing and requiring restraints during transport were justified by security and safety concerns) (citing Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002) ("[F]acilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high."). In this instance, plaintiff's limited access to means of communication, online commercial sources, recreation and training are all conditions that are related to the state's legitimate interests in safety, security, rehabilitation and delegation of limited resources. Therefore, plaintiff's allegations are not sufficient to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Charles G. Anderson's claims challenging the revocation of his supervised release are DISMISSED without prejudice. Plaintiff's claims challenging the conditions of his confinement are DISMISSED for failure to state a claim

5

upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 10th day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge