IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES G. ANDERSON,

        OPINION AND ORDER

      Plaintiff,

        19-cv-461-bbc

  v.

WISCONSIN DEPT. OF HEALTH
& HUMAN SERVICES AND
MICHAEL CHASE,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Charles G. Anderson is a patient civilly committed at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, under Chapter 980 of the Wisconsin Statutes. Plaintiff filed a civil action under 42 U.S.C. § 1983, challenging the revocation of his supervised release and his reconfinement at Sand Ridge and the conditions of confinement at Sand Ridge. On October 10, 2019, I entered an order dismissing the case. Dkt. #10. I concluded that plaintiff could not challenge his revocation in a civil action under §1983, and that he could challenge the revocation only through a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after exhausting his state court remedies. As for his allegations regarding the conditions at Sand Ridge, I concluded that his allegations did not suggest that the conditions are unconstitutionally harsh.

Now before the court is plaintiff's motion for reconsideration. Dkt. #12. Plaintiff contends that Chapter 980 is unconstitutional, that the revocation process does not provide due process and that he has attempted to exhaust his administrative remedies but the state

1

has delayed in responding to his state court filings. However, none of plaintiff's arguments is persuasive reason to reconsider my previous order.

To succeed on his motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, plaintiff would need to clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence should preclude entry of judgment. Cincinnati Life Insurance Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Plaintiff has not met his burden. Plaintiff does not address my conclusions regarding his conditions of confinement claims at all. As for the challenge to his revocation, plaintiff has not shown that I erred in concluded that the challenge must be brought in a habeas petition under § 2254. Plaintiff also has not shown that he has exhausted his state court remedies. His allegation that state court proceedings have been delayed unreasonably is not sufficient to show that he has exhausted his state court remedies. Accordingly, I will deny the motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Charles G. Anderson's motion for reconsideration, dkt. #12, is DENIED.

Entered this 9th day of January, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge